**Erie Insurance Exchange v. Stafford**

· C.P. of Westmoreland County, no. 1803 of 1999.

*Dennis J. Slyman,* for plaintiff.
*Dale S. Douglas* and *Claudia C. Nolf,* for defendant.

LOUGHRAN, *P.J.,* November 9, 1999—The parties have submitted to this court a declaratory judgment action for decision upon an issue as to whether the defendant, under the insurance policy in question, has limited or full tort coverage. The facts which have been stipulated to by the parties, are those that are contained in the complaint and admitted answer which can be summarized as follows:

(1) On October 16, 1996, and for some period prior to that, the defendant, Juliet M. Stafford, who is an adult individual, resided with her boyfriend, Brian K. Kardos, at 521 Church Street, Herminie, Pennsylvania. The defendant and Brian K. Kardos were not married. Brian K. Kardos also resided with his parents in Hutchinson, Pennsylvania.

(2) While the defendant and Brian K. Kardos resided at the above referenced residence, there were two motor vehicles utilized by them while occupants of the residence referred to above. One vehicle was a 1990 Pontiac Sunbird; the other vehicle was a 1988 Chevy Corsica. Both vehicles were insured under an Allstate policy.

(3) The 1990 Pontiac Sunbird was owned solely by Brian K. Kardos, which automobile was covered by said Allstate policy with a limited tort selection.

(4) The 1988 Chevy Corsica was jointly owned by Brian K. Kardos and the defendant, Juliet M. Stafford, which vehicle was also insured under the same Allstate policy, in which that jointly owned vehicle was also covered with limited tort protection.

(5) While both vehicles were insured under the Allstate policy, the policy itself only listed Brian K. Kardos as the named insured, even though the jointly owned automobile of Brian K. Kardos and the defendant, Juliet M. Stafford, was listed as an insured vehicle under the Allstate policy, which had limited tort.

(6) Under the said Allstate auto policy, referred to above, both vehicles, namely the 1990 Pontiac Sunbird owned solely by Brian K. Kardos and the 1988 Chevy Corsica, co-owned by Brian K. Kardos and Juliet M. Stafford, were covered by limited tort election.

(7) On or about October 17, 1996, the defendant, Juliet M. Stafford, was involved in a two-car automobile accident, in which she alleges to have suffered personal injuries and for which a separate action has been filed at no. 5770 of 1988, in the Court of Common Pleas of Westmoreland County, Pennsylvania. The other vehicle involved in that accident was insured by the Erie Insurance Exchange. At the time of the referred-to accident, the defendant, Juliet M. Stafford, was driving the 1990 Pontiac Sunbird, solely owned by Brian K. Kardos, which had limited tort coverage.

It is the argument of the plaintiff, Erie Insurance Exchange, that the defendant, Juliet M. Stafford, while not named as a "named insured" under the Allstate insurance policy, nevertheless, is an "insured" under the said policy, since she was an owner of a motor vehicle insured by the Allstate policy.

It is Erie Insurance Exchange's contention that not being named as a "named insured," does not alter the circumstances that the defendant, Juliet M. Stafford, is an "insured" under the Allstate policy in view of the fact that she is a co-owner of a vehicle insured by the Allstate Insurance Company and bound by the limited tort option.

The defendant did not make any election concerning tort options (or any other election) when the Allstate policy was purchased by Brian K. Kardos, Allstate's named insured. Defendant contends that, due to the lack of a familial relationship between Allstate's named insured and defendant, and because defendant made no elections under the Allstate policy at the time it was purchased by Brian K. Kardos, defendant is deemed to be covered by full tort.

The plaintiff herein asserts that this issue is governed by the provisions of the MVFRL as appear more fully in 75 Pa.C.S. §1705(b)(2):

"Section 1705 Election of tort options

"(b) Application of tort options

"(2) The tort option elected by a named insured shall apply to all insureds under the private passenger motor vehicle policy who are not named insureds under an-

other private passenger motor vehicle policy. In the case where more than one private passenger motor vehicle policy is applicable to an insured and the policies have conflicting tort options, the insured is bound by the tort option of the policy associated with the private passenger motor vehicle in which the insured is an occupant at the time of the accident if he is an insured on that policy and bound by the full tort option otherwise."

The defendant contends that the defendant is not a named insured on the policy and is not an insured within the definition of the MVFRL, 75 Pa.C.S. §1705(f), which states:

"Section 1705 Election of tort options

"(f) *Definitions.*—As used in this section, the following words and phrases when used in this section shall have the meanings given to them in this subsection unless the context clearly indicates otherwise:

" *'Insured.'* Any individual residing in the household of the named insured who is:

"(1) a spouse or other relative of the named insured; or

"(2) a minor in the custody of either the named insured or relative of the named insured.

" *'Named insured.'* Any individual identified by name as an insured in a policy of private passenger motor vehicle insurance."

It is clear that the policy does not identify the defendant by name as an insured. It is also clear that the defendant was neither a spouse nor relative of the named

insured, Brian K. Kardos, and, accordingly, does not fall within the definitions of an insured under the MVFRL. As the defendant is not an insured by definition, section 1705(b) is not applicable. Accordingly, the defendant was not bound by the limited tort election of Brian K. Kardos and the defendant is therefore deemed to be covered by the full tort option.

Accordingly, an order will be entered declaring the defendant to be covered by the full tort option.

## ORDER

And now, to wit, November 9, 1999, after review and careful consideration of the within matter, it is hereby ordered, adjudged and decreed that the defendant, Juliet M. Stafford, is entitled to coverage under the full tort option in the above declaratory judgment action.